# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-3306 FMO (MRWx) | Date | May 29, 2018 |
|---|---|---|---|
| Title | Thoughtful Media Group, Inc. v. Mark Ingrouille, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Personal Jurisdiction, Subject Matter Jurisdiction, and Venue

On April 19, 2018, plaintiff Thoughtful Media Group, Inc. ("plaintiff") filed a Complaint against defendants Mark Ingrouille ("Ingrouille"), Le Ngoc Linh ("Le"), and Tran Trung Kien ("Tran"), (collectively, "defendants"), alleging breach of contract, breach of fiduciary duty, fraud, embezzlement, conversion, interference with contractual relations, interference with economic advantage, and unfair business practices. (See Dkt. 1, Complaint at ¶¶ 28-67). Plaintiff alleges that the court has subject matter jurisdiction based on diversity of citizenship between plaintiff and defendants, who are all foreign nationals. (See id. at ¶ 10). As to personal jurisdiction, plaintiff alleges that: (1) Ingrouille's employment agreement ("Ingrouille agreement") contains a forum selection clause; (2) Le is within the reach of California's "long arm" statute, Cal. Code Civ. P. § 410.10, and Fed. R. Civ. P. 4(k); and (3) Le and Tran "have continuously and systematically established and maintained contacts with the State of California and transact business in the County of Los Angeles[.]" (Id. at ¶ 11). Plaintiff also alleges that venue is proper because Ingrouille consented to venue in this court in the Ingrouille agreement, and because plaintiff "has been damaged in the Central District . . . as a direct and proximate result of Defendants' wrongful acts[.]" (Id. at ¶ 12).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3306 FMO (MRWx) | Date | **May 29, 2018** |
|---|---|---|---|
| Title | ***Thoughtful Media Group, Inc. v. Mark Ingrouille, et al.*** | | |

forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Here, plaintiff does not allege how defendants have purposefully availed themselves of the privilege of conducting activities in California, nor does plaintiff allege how its causes of action specifically arise out of or relate to those activities. (See, generally, Dkt. 1, Complaint). Plaintiff also does not allege any facts showing that the events giving rise to this litigation occurred in this District. (See, generally, id.). A copy of the Ingrouille agreement was not attached to the Complaint, and thus a "fundamental element lacking here is any evidence" of assent to the forum selection clause. See Holland America Line Inc. v. Wartsila North America, Inc., 485 F.3d 450, 458 (9th Cir. 2007). Based on the Complaint's allegations, (see Dkt. 1, Complaint at ¶ 18), it appears that the Ingrouille agreement's forum selection clause did not provide for exclusive jurisdiction or venue in this court. See Simonoff v. Expedia, Inc., 643 F.3d 1202, 1207 (9th Cir. 2011) ("[W]e hold that a forum selection clause that vests 'exclusive jurisdiction and venue' in the courts 'in' a county provides venue in the state and federal courts located in that county.").

Finally, "[t]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)). The Complaint's bare, conclusory allegation that "[t]he amount in controversy exceeds $75,000", (Dkt. 1, Complaint at ¶ 10), does not satisfy plaintiff's burden to "both plead[] and prov[e] diversity jurisdiction." See Rainero, 844 F.3d at 840.

Based on the foregoing, IT IS ORDERED that:

1. No later than **June 5, 2018**, plaintiff shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction, lack of subject matter jurisdiction, or transferred for lack of proper venue.[1] **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction, lack of subject matter jurisdiction, and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[1] Plaintiff should consider filing a First Amended Complaint that cures the jurisdictional and venue deficiencies noted in this Order.